UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMARIS SANTIAGO,

        Plaintiff,

v.

        Case No. 24-cv-69-pp

MARTIN J. O'MALLEY,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5)**

---

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. On January 19, 2024, the court reviewed the motion for leave to proceed without prepaying the filing fee, determined that there were some inconsistencies in the motion and ordered the plaintiff to file an amended motion. Dkt. No. 4. The plaintiff has filed an amended motion. Dkt. No. 5.

      Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the

1

plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's motion indicates that she is not employed, she is married and she has five daughters, ranging in age from 9 to 17, that she is responsible for supporting. Dkt. No. 5 at 1. The plaintiff's spouse has income of $2,200 per month; the plaintiff also indicates income of $300 in the last twelve months from "Gutter occasional work." Id. at 2. The plaintiff lists expenses of $2,660 ($1,100 mortgage, $900 car payments, $160 credit card payments, $500 other household expenses). Id. at 2-3. The plaintiff leases a 2023 Honda Odyssey, valued at approximately $43,000; she owns her home, worth approximately $160,000, but does not indicate whether there is any equity in the property. Id. at 3. The plaintiff owns no other property of value and has $10 in cash on hand or in a savings or checking account. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct

legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Supplemental Security Income and Disability Insurance Benefits initially, on reconsideration and following a hearing before an Administrative Law Judge. Dkt. No. 1 at 1. The plaintiff states that the ALJ's decision finding her not disabled is not supported by substantial evidence and is contrary to law. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**